1  BETH A. ROSS (SBN 141337)
2  LINDSAY R. NICHOLAS (SBN 273063)
   LEONARD CARDER, LLP
3  1188 Franklin Street, Suite 201
   San Francisco, California 94109
4  Tel:    415-771-6400
   Fax:   415-771-7010
5  *bross@leonardcarder.com*
   *lnicholas@leonardcarder.com*
6
   Attorneys for Defendant
7  UNITE HERE LOCAL 2

8

9                  UNITED STATES DISTRICT COURT

10           IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

11  WILBERT RADFORD, an individual,        Case No.: 10-0745 EDL

12                 Plaintiff,              **DEFENDANT UNITE HERE LOCAL
                                           2'S NOTICE OF MOTION, MOTION &**
13                                         **MEMORANDUM OF POINTS AND**
           vs.                             **AUTHORITIES IN SUPPORT OF**
14                                         **MOTION FOR SUMMARY**
    UNITE HERE Local 2                     **JUDGMENT**
15
                   Defendant.             Date:  May 31, 2011
16                                        Time:  9:00 a.m.
                                          Magistrate Judge Elizabeth D. Laporte
17                                        Courtroom D, 15th Floor

18                                        Complaint Filed:  February 22, 2010
19                                        Trial:  August 29, 2011

20

21                   NOTICE OF MOTION AND MOTION

22  TO PLAINTIFF:

23
24         NOTICE IS HEREBY GIVEN that on May 31, 2011, at 9:00 a.m., or as soon thereafter as

25  counsel may be heard, in the Courtroom of Honorable La Porte of the United States District Court

26  of the Northern District, located at 450 Golden Gate Ave., San Francisco, California 94102,

27

28

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169    FAX: (510) 272-0174

Defendant UNITE HERE Local 2 will move and hereby does move this Court for an Order

granting summary judgment in its favor as to all causes of action filed against it by Plaintiff.

This motion is based upon this Notice of Motion and Motion, the accompanying

Memorandum of Points and Authorities, the deposition of Wilbert Radford, the declaration of

Kim Wirshing, the proposed order submitted herewith, all pleadings and papers on file in this

action, and upon such other matters as may be presented to the Court at the time of the hearing.

Dated:  April 22, 2011

LEONARD, CARDER, LLP

/s/ Beth A. Ross

By    _____

Beth A. Ross, Esq.
Attorney for Defendant UNITE HERE Local 2

TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES .................................................. 1

I.    INTRODUCTION ................................................................. 1

II.   STATEMENT OF ISSUE TO BE DECIDED.................................... 2

III.  STATEMENT OF FACTS ...................................................... 2

      A.    The Parties And Collective Bargaining Agreement.................................... 2

      B.    Plaintiff's Work History, Discipline, And Termination Of Employment .... 2

            1.    Plaintiff's Verbal And Written Warnings........................................ 3

            2.    Plaintiff's One-Day, Three-Day, And Five-Day Suspensions And Termination ................................................ 3

      C.    Local 2's Use Of The Grievance Machinery ................................ 5

            3.    Grievance Processing And Mediation................................ 5

            4.    Decision To Refrain From Arbitration................................ 5

      D.    Plaintiff's Allegations of Race Discrimination................................ 6

IV.   ARGUMENT ................................................................. 6

      A.    Legal Standard For Summary Judgment.................................... 6

      B.    Plaintiff Cannot Make A Prima Facie Case of Race Discrimination........... 7

            1.    Local 2 Did Not Violate Its Duty of Fair Representation ................ 8

            2.    Local 2 Did Not Treat Plaintiff In A Less Favorable Manner Because of His Race ................................................ 9

V.    CONCLUSION ................................................................. 11

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

## TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*
   477 U.S. 242 (1986) .................................................................. 7

*Beck v. UFCW Local 99*
   506 F.3d 874 (9th Cir. 2007) .................................................. 7

*Bugg v. Int'l Union of Allied Industrial Workers of America*
   674 F.3d 595 (7th Cir. 1982) .............................................. 7, 8

*Carter v. United Food and Commercial Workers Local 789*
   963 F.2d 1078 (8th Cir. 1992) ................................................ 7

*Celotex Corp. v. Catrett*
   477 U.S. 317 (1986) .................................................................. 8

*Conkle v. Jeong*
   73 F.3d 909 (9th Cir. 1995) .................................................... 7

*Doran v. 7-Eleven, Inc.*
   524 F.3d 1034 (9th Cir. 2008) ................................................ 7

*Estate of Tucker v. Interscope Records, Inc.*
   515 F.3d 1019 (9th Cir. 2008) ................................................ 7

*Evangelista v. Inlandboatman's Union of the Pacific*
   777 F.2d 1390 (9th Cir. 1985) ................................................ 9

*Marino v. Writers Guild of America, East, Inc.*
   992 F.2d 1480 (9th Cir. 1993) ................................................ 8

*Martin v. Local 1513 and Dist. 118 of the IAMAW*
   859 F.2d 581(8th Cir. 1988) ................................................... 7

*Motor Coach Employees v. Lockridge*
   402 U.S. 274 (1971) .................................................................. 8

*Peterson v. Kennedy*
   771 F.2d 1244 (9th Cir. 1985) ................................................ 9

*Patterson v. Teamsters Local 959*
   121 F.3d 1345 (9th Cir. 1997) ................................................ 9

*Stevens v. Moore Business Forms, Inc.*
    18 F.3d 1443 (9th Cir. 1994) ................................................................. 8

*Vaca v. Stipes*
    386 U.S. 171 (1967) ............................................................................. 8

**Statutes**

Federal Rule of Civil Procedure 56(c) ................................................... 1, 7

Federal Rules of Civil Procedure 56(e) ..................................................... 7

Title VII, 42 U.S.C. § 2000e *et seq.* ........................................................... 7

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

## I.    INTRODUCTION

This lawsuit arises out of Plaintiff Wilbert Radford's ("Plaintiff" or "Radford") former employment as a cook at the St. Regis Hotel ("St. Regis"), where he was a member for UNITE HERE Local 2 ("Defendant," "Union," "Local 2").  Plaintiff was disciplined on multiple occasions and then terminated by the St. Regis pursuant to its progressive discipline policy.  After Plaintiff's termination, Local 2 filed a grievance on his behalf and mediated the matter.  Plaintiff then decided that he did not want to accept the agreement reached at mediation.  Based on the mediator's assessment of Plaintiff's grievance and the St. Regis' implementation of progressive discipline, Local 2 declined to take Plaintiff's grievance to arbitration.  In this action, Plaintiff alleges that Local 2 refused to arbitrate his grievance because of his race and therefore violated Title VII of the 1964 Civil Rights Act.

Local 2 views the action as unfounded and moves for summary judgment on the grounds that Plaintiff's claims have no merit at all.  As will be shown in detail below, the record demonstrates that the Union represented the Plaintiff in disciplinary meetings and during the grievance process, including at mediation.  The record further shows that Local 2 made a good faith decision to forego arbitration based on the St. Regis' implementation of its progressive discipline policy with regard to Plaintiff and the mediator's assessment of the weakness of Plaintiff's case.  Finally, Plaintiff has presented no factual basis for claiming that Local 2 handled his grievance differently than grievances filed on behalf of other, non-Black union members.

For all the reasons set forth here, summary judgment under Federal Rule of Civil Procedure 56(c) is appropriate and should be granted.

///

DEFENDANT UNITE HERE LOCAL 2 NOT., MOTION & MEMO ISO MOT. SUMM. JGMT.
*RADFORD V. UNITE HERE LOCAL 2, CASE NO. 10-745 EDL*

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

## II.    STATEMENT OF ISSUE TO BE DECIDED

Whether the Court should grant summary judgment in Local 2' s favor on the grounds that Plaintiff cannot establish a prima facie case of race discrimination by Local 2 and/or show that Local 2's legitimate nondiscriminatory reasons for not moving his grievance to arbitration were a pretext for discrimination under the *McDonnell Douglass* burden shifting test.

## III.    STATEMENT OF FACTS

### A.    The Parties And Collective Bargaining Agreement

Local 2 is the bargaining representative of San Francisco restaurant and hotel employees, including employees of the St. Regis.  (Wirshing Declaration (hereafter "Wirshing Decl.") ¶ 2). Plaintiff is a former employee of the St. Regis and a member of Local 2.  (Radford Deposition Testimony (hereafter "Radford Dep.") Exh. 1, 44: 17-23[1]).

The collective bargaining agreement ("CBA") between Local 2 and the St. Regis, in force at all times relevant, governed the wages, hours, and terms and conditions of employment for Local 2-represented workers employed at the St. Regis.  (Wirshing Decl. ¶ 2, Exh. A).  The CBA contains a grievance procedure for resolving disputes thereunder.  *Id.*  The third step of the grievance procedure provides for Grievance Mediation, at which a neutral mediator mediates the dispute and provides an advisory decision if no settlement is reached.  (Wirshing Decl. ¶ 3, Exh. A). The fourth step permits a party to request arbitration.  (Wirshing Decl. Exh. A).

### B.    Plaintiff's Work History, Discipline, And Termination Of Employment

At all relevant times, Plaintiff has been a member of Local 2.  On July 16, 2006, Plaintiff was hired by the St. Regis as a cook in the banquet department  (Radford Dep. 53: 19-22, 54: 24-

---

[1] All cited excerpts of Plaintiff's Deposition Testimony are attached to the Declaration of Beth A. Ross, filed concurrently herewith.

2

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

26, 55:1).  On or about July 2007, Plaintiff began working as a cook in the Vitrine Restaurant at

the St. Regis.  (Radford Dep. 56: 2-6, 14-16).

### 1.    Plaintiff's Verbal And Written Warnings

While working at the St. Regis, Plaintiff received both verbal and written warnings for

repeated time clock issues.  On August 25, 2006, Plaintiff received a verbal warning about his

failure to clock out for a break and his failure to clock out on-time resulting in unauthorized

overtime.  (Radford Dep. 110: 13-24, 111: 1-2, Exh. 5).  On January 25, 2007, Plaintiff received

another verbal warning for time clock issues occurring on January 16, January 19, and January

22.  (Radford Dep. 115: 8-10, 115: 22-25, 116: 1-9, 116: 14-16, Exh. 6).  On February 22, 2007,

Plaintiff received a written warning for further time clock issues occurring on February 12 and

February 15.  (Radford Dep. 117: 22-23, 118:5-8, Exh. 7).  Plaintiff admits that he was having

reoccurring time clock issues at all of these times.  (Radford Dep. 111: 3-25; 112: 1-16, 117: 1-3,

119: 4-11).[2]

### 2.    Plaintiff's One-Day, Three-Day, And Five-Day Suspensions And Termination

Plaintiff continued to have time clock and other issues, which resulted in the assessment

of one-day, three-day, and five-day suspensions, respectively.  On June 23, 2007, Plaintiff was

suspended for one day for taking meal breaks that exceeded the allotted thirty minutes.  (Radford

Dep. 121: 15-16, 21-23, Exh. 8).  Plaintiff admits that he was continuing to have problems with

taking thirty-minute meal breaks.  (Radford Dep. 124: 1-5).

---

[2] These verbal and written warnings are presented to show that Plaintiff was repeatedly violating work rules regarding proper use of the time clock and received both verbal and written warnings for these violations within five months of receiving a one-day suspension for similar time clock violations.  Defendant Local 2 acknowledges that these verbal and written warnings cannot be used as a basis for Plaintiff's termination on December 13, 2007, pursuant to the CBA, because the warnings were issued   3   more than 9 months prior to Plaintiff's termination.

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

On August 11, 2007, Plaintiff was suspended pending investigation of incidents that occurred on that day. (Radford Dep. 125:8-10, 128: 25, 129: 1-2, Exh. 9a). A few days later, Plaintiff spoke with Human Resources at the St. Regis and it was determined that he would not be disciplined with respect to the August 11, 2007 incident. (Radford Dep. 130: 21-25.) Union Representative Lorraine Powell ("Powell") advocated on Plaintiff's behalf at this meeting. (Radford Dep. 236: 19-23, 237: 20-25, 238: 1-3).

On September 20, 2007, Plaintiff was suspended pending investigation of an incident that occurred on September 13, 2007. (Radford Dep. 141: 21-25, 142: 1-3, Exh 10a). On September 24, 2007, Plaintiff was notified that he was receiving a three-day suspension for making himself a specialty coffee while his work tasks were not completed. (Radford Dep. 142: 13-17, Exh 10b). Plaintiff admits that he made himself a specialty coffee on September 13, 2007. (Radford Dep.144: 3-5, Exh. 10c).

On November 2, 2007, Plaintiff was suspended pending investigation of incidents occurring on October 27, 2007, and November 1, 2007. (Radford Dep. 159: 21-23, Exh. 11b). On November 6, 2007, Plaintiff was notified that he was receiving a five-day suspension because he did not follow instructions and improperly prepared a soup dish on October 27 and salads on November 1. (Radford Dep. 158: 21-24, 165: 17-22, Exh 11a & 11c). Plaintiff admits that he prepared the soup in a manner that was not pursuant to the written instructions and that he prepared salads with the wrong dressing. (Radford Dep. 167: 24-25, 168: 1-4, 169:15-20).

On December 13, 2007, Plaintiff was notified that his employment at the St. Regis was terminated because on December 1, 2007, Plaintiff did not follow written instructions and improperly prepared another specialty soup. (Radford Dep. 95: 4-13, Exh. 2).

///

//

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

## C.    Local 2's Use Of The Grievance Machinery

### 3.    Grievance Processing And Mediation

Following Plaintiff's termination, Local 2 filed a grievance on behalf of Plaintiff protesting his termination.  (Radford Dep. 196: 1-5).  Union Representative Powell prepared the grievance, which also protested the three suspensions that led up to Plaintiff's termination.  (Radford Dep. 196: 9-17).  Plaintiff testified at his deposition that he has no complaints about the manner in which the grievance was drafted and filed on his behalf.  (Radford Dep. 196: 18-21).

The grievance on behalf of Plaintiff was referred to mediation as part of the grievance procedure.  On January 10, 2008, Plaintiff, Union Representative Maria Vivanco ("Vivanco"), and representatives from the St. Regis participated in a mediation with a mediator from the State Mediation and Conciliation Service.  (Radford Dep. 198: 4-8).  After each side presented its evidence and argument, the mediator told Plaintiff and Local 2: "It doesn't look good for you." (Radford Dep. 198: 23-25, 199: 1-25).  The mediator further stated to Local 2 that Plaintiff's case represented a classic case of progressive discipline.  (Wirshing Decl. ¶ 5).

At the conclusion of the mediation, the mediator proposed that to resolve the grievance, Plaintiff could voluntarily resign his employment at the St. Regis rather than being terminated.  (Radford Dep. 211: 9-17).  Plaintiff neither accepted nor rejected this proposal at the conclusion of the mediation.  (Radford Dep. 211: 18-21).[3]  Plaintiff then contacted Vivanco and told her that he would not accept the proposed resolution.  (Radford Dep. 211: 22-25; 212: 1).

### 4.    Decision To Refrain From Arbitration

After rejecting the proposal, Plaintiff spoke with Kim Wirshing ("Wirshing"), the in-house attorney for Local 2.  Wirshing explained to Plaintiff that the mediator's assessment was that

---

[3] For purposes of this motion only, Defendant Local 2 accepts as true Plaintiff's testimony that he did not agree to the settlement proposal made at the mediation.  Defendant Local 2 reserves the right to present evidence to the contrary if this matter goes forward.

5

DEFENDANT UNITE HERE LOCAL 2 NOT., MOTION & MEMO ISO MOT. SUMM. JGMT.
*RADFORD V. UNITE HERE LOCAL 2, CASE NO. 10-745 EDL*

Plaintiff's case was very weak.  (Radford Dep. 212: 25, 213: 1-2; Wirshing Decl. ¶ 6).  Plaintiff

demanded the mediator's "written decision," and Wirshing explained that the mediator did not

issue any written decision.  (Radford Dep. 213: 1-2, 230: 3-7, 232: 6-9; Wirshing Decl. ¶7).

Following this conversation, Wirshing mailed Plaintiff a letter explaining that where a mediator

finds, based on the evidence presented, that discipline is justified, Local 2 accepts the mediator's

opinion.  (Radford 214: 11-24, Exh. 13).  The letter further stated that because this was the case

regarding Plaintiff's termination, Local 2 considered Plaintiff's grievance closed.  (Radford 214:

21-24, Exh. 13; Wirshing Decl. ¶ 5).

### D.    Plaintiff's Allegations of Race Discrimination

At no time during Local 2's advocacy on behalf of Plaintiff did Plaintiff ever inform the

Union that he believed the St. Regis terminated him on the basis of his race.  (Radford Dep. 241:

24-25, 242: 1-5, Exhs. 9c, 10c, 11d).  Nor did Plaintiff ever state that he believed Local 2 was

processing his grievance differently because of his race.  (Radford Dep. 233: 5-18).  It was only

after Local 2 decided not to move Plaintiff's grievance to arbitration that Plaintiff first alleged

race discrimination by filing EEOC charges against Local 2 and the St. Regis.  (Radford Dep.

233:5-18, Exh. 1, 12).  Plaintiff admits that he has no personal knowledge upon which to base his

allegation that the Union handled his grievance differently than the grievances of other members

because of his race.  (Radford Dep. 209: 13-24, 225: 18-25, 226: 1-9).  Plaintiff further admits

that no one at Local 2 ever commented on his race or color.  (Radford Dep. 223: 18-25, 224: 1).

### IV.    ARGUMENT

### A.    Legal Standard For Summary Judgment

Summary judgment is warranted where the pleadings, discovery record and affidavits

show that there is no genuine issue as to any material fact and the moving party is entitled to

DEFENDANT UNITE HERE LOCAL 2 NOT., MOTION & MEMO ISO MOT. SUMM. JGMT.
*RADFORD V. UNITE HERE LOCAL 2, CASE NO. 10-745 EDL*

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

judgment as a matter of law.  *See* F.R.C.P. 56(c); *Doran v. 7-Eleven, Inc.,* 524 F.3d 1034, 1047-1048 (9th Cir. 2008).  Defendant need only show that there is an absence of evidence to support any individual element of Plaintiff's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986); *Estate of Tucker v. Interscope Records, Inc.*, 515 F.3d 1019, 1029 (9th Cir. 2008).  The burden then shifts to Plaintiff to "designate specific facts showing that there is a genuine issue for trial." F.R.C.P. 56(e); *Celotex*, 477 U.S. at 323-324.  The mere "scintilla of evidence in support of plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff," specific evidence that is "significantly probative."  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 252 (1986).

### B.      Plaintiff Cannot Make A Prima Facie Case of Race Discrimination

Plaintiff alleges that Local 2 decided against moving his grievance to arbitration because of his race.  This claim is without factual support and fails as a matter of law.

In a Title VII, 42 U.S.C. § 2000e *et seq*., action alleging that a union failed to carry out its representative functions to prevent discrimination by an employer, the analysis of liability is derived from the federal duty of fair representation.  A union can only be held liable if: (1) the employer violated the collective bargaining agreement; (2) the union breached the duty of fair representation; and (3) the union treated the plaintiff less favorably than similarly situated employees because of his race.  *Beck v. UFCW Local 99,* 506 F.3d 874, 885 & n.4 (9th Cir. 2007) *citing Bugg v. Int'l Union of Allied Industrial Workers of America*, 674 F.3d 595 (7th Cir. 1982); *Carter v. United Food and Commercial Workers Local 789*, 963 F.2d 1078, 1082 (8th Cir. 1992) *quoting Martin v. Local 1513 and Dist. 118 of the IAMAW*, 859 F.2d 581, 584 (8th Cir. 1988). Local 2 cannot be found liable under this standard because the undisputed evidence shows that Local 2 neither breached its duty of fair representation nor treated Plaintiff less favorably than other employees because of his race.

7

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

**1.    Local 2 Did Not Violate Its Duty of Fair Representation**

The duty of fair representation standard is extremely deferential to a union's judgment and discretion.  If the conduct at issue involves a union's judgment about how best to enforce a CBA or handle a grievance, a union cannot be found to have breached this duty unless its conduct is discriminatory or in bad faith.  *Marino v. Writers Guild of America, East, Inc.*, 992 F.2d 1480, 1486 (9th Cir. 1993); *see Vaca v. Stipes*, 386 U.S. 171, 190 (1967).  *Accord Stevens v. Moore Business Forms, Inc.*, 18 F.3d 1443, 147-48 (9th Cir. 1994) ("unions are not liable for good faith, nondiscriminatory errors in judgment").  To establish discrimination, a plaintiff must show that the union intentionally discriminated against Plaintiff on the basis of his race.  *Carter*, 963 F.2d at 1082.  To demonstrate bad faith, a plaintiff must show the Union's conduct was tainted by improper prejudice or produce "substantial evidence of fraud, deceitful action or dishonest conduct."  *Motor Coach Employees v. Lockridge*, 402 U.S. 274, 299 (1971); *Conkle v. Jeong*, 73 F.3d 909, 916 (9th Cir. 1995).

Under this standard, there is no triable issue of material fact regarding Local 2's decision to refrain from moving Plaintiff's grievance to arbitration.  Local 2 filed a grievance on Plaintiff's behalf protesting both his termination and the suspensions leading up to his termination, represented him at mediation and exercised its discretion to refrain from arbitration after hearing the mediator's assessment of the grievance.  There is no evidence that Local 2 decided not to pursue arbitration in bad faith.  In fact, Plaintiff admitted in his deposition testimony that, with regard to his grievance, the mediator told him: "It doesn't look good for you."  (Radford Dep. 198: 23-25).  Furthermore, the mediator told the Union that Plaintiff's case was one of classic progressive discipline, thus indicating that Plaintiff's case was very weak.  (Wirshing Decl. ¶5, 8).  Local 2 considered the merits of Plaintiff's case and the mediator's assessment and made a

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

DEFENDANT UNITE HERE LOCAL 2 NOT., MOTION & MEMO ISO MOT. SUMM. JGMT.
*RADFORD V. UNITE HERE LOCAL 2, CASE NO. 10-745 EDL*

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

good faith and non-discriminatory decision not to pursue arbitration.  (Wirshing Decl. ¶ 5, Exh. B).

Plaintiff may believe that he has sufficient evidence to successfully arbitrate his grievance, but such a belief fails to create a triable issue of material fact regarding a breach of the duty of fair representation.  An employee has *no* "absolute right to have his grievance taken to arbitration."  *Evangelista v. Inlandboatman's Union of the Pacific*, 777 F.2d 1390, 1395 (9th Cir. 1985).  Such judgment calls are for the union to make, and not for the courts to second-guess. *See Patterson v. Teamsters Local 959*, 121 F.3d 1345, 1349-50 (9th Cir. 1997) ("It is for the union, not the courts, to decide whether and in what manner a particular grievance should be pursued.") *quoting Peterson v. Kennedy*, 771 F.2d 1244, 1254 (9th Cir. 1985).

Local 2 is entitled to judgment as a matter of law on Plaintiff's Title VII race discrimination claim because Plaintiff is unable to show that Local 2 breached its duty of fair representation by not taking Plaintiff's grievance to arbitration.

### 2.    Local 2 Did Not Treat Plaintiff In A Less Favorable Manner Because of His Race

Likewise, there is no triable issue of material fact regarding whether Local 2 treated Plaintiff less favorably than other similarly situated employees on the basis of his race.  In fact, Plaintiff admitted at his deposition that his race discrimination claim is based purely on speculation rather than fact.  During his deposition, he pointed to incidents of alleged discrimination by the Union.[4]  But, when pressed, he was forced to admit that he has no factual basis for those beliefs and conclusions.  (Radford Dep. 225:18-25, 226: 1-9).  Plaintiff contends

---

[4] During his deposition, Plaintiff's beliefs that certain events were instances of discrimination by the Union fail to create a triable issue of material fact because Plaintiff presents no factual basis for his beliefs.  For example, Plaintiff stated that Local 2 discriminated against him because of his race when it failed to provide him with the mediator's written decision, but the mediator never issued any written decision.  (Radford Dep. 229: 2-8, 232: 18-21; Wirshing Decl. ¶ 7).

9

that Local 2 handled the grievance of Casey Lloyd, a Caucasian room service worker at the St.

Francis, differently than it handled Plaintiff's grievance, but then admitted that he had not factual

basis for this:

> Q:      You don't know one way or the other whether Local 2 took Mr. Lloyd's grievance
> to arbitration, do you?
> A.      No, I don't.
> Q:      Okay.  And you have no knowledge one way or the other as to whether Mr. Lloyd
> had been suspended on multiple occasions before he was terminated, do you?
> A.      No.
> Q:      All you know is that he was terminated and he was reinstated by the St. Regis
> Hotel?
> A.      Yes.
> Q:      And you have no knowledge one way or the other as to what involvement Local 2
> had in Mr. Lloyd being reinstated, do you?
> A.      No.
> Q.      You don't?
> A.      No, I don't.

(Radford Dep. 225:18-25, 226: 1-9).  Plaintiff further admitted that he has *no* factual basis or

personal knowledge that Local 2 handled his grievance differently than grievances of other Local

2 members:

> Q:      So you have no -- other than Casey Lloyd who Ms. Vivanco -- whose grievance
> Ms. Vivanco's did not handle, do you have any factual basis for the claim that Ms.
> Vivanco handled the grievances of other Local 2 employees any differently than she
> handled your grievance?
> A.      I don't know how she handled other grievances.
> Q.      Okay.  You have no personal knowledge as to how Local 2 acting through Ms.
> Vivanco has handled the grievance of other employees, do you?
> A.      No.

(Radford Dep. 209: 13-24; *see also* Radford Dep. 225: 18-25, 226: 1-9).  Indeed, the facts show

that Local 2 handled Plaintiff's grievance in accordance with how it handles other members'

grievances.  It is the practice of Local 2 to consider the merits of a grievance and the mediator's

assessment of the grievance when determining whether to proceed to arbitration.  (Wirshing Decl.

¶ 4).  Here, Local 2 followed its practice and decided not to proceed to arbitration because the

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

10

DEFENDANT UNITE HERE LOCAL 2 NOT., MOTION & MEMO ISO MOT. SUMM. JGMT.
***RADFORD V. UNITE HERE LOCAL 2, CASE NO. 10-745 EDL***

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

1    mediator communicated to the Plaintiff and the Union that Plaintiff's case was extremely weak.

2    (Radford Dep. 198: 23-25, 248: 2-19; Wirshing Decl. ¶ 5).

3        Thus, Local 2 is entitled to judgment as a matter of law on Plaintiff's Title VII race

4

5    discrimination claim because Plaintiff also cannot show that Local 2 treated him less favorably

6    than other similarly situated employees on the basis of his race.

7    **V.    CONCLUSION**

8        For the foregoing reasons, Defendant UNITE HERE Local 2 respectfully requests that this

9    Court dismiss the entire complaint, with prejudice and without leave to amend, on the grounds

10   that there are no material issues of fact in dispute, that no remedies, equitable or otherwise, are

11

12   appropriate, and that Defendant UNITE HERE Local 2 is entitled to judgment as a matter of law.

13       Dated:  April 22, 2011

14                                        LEONARD, CARDER, LLP

15

16                                        /s/ Beth A. Ross

17                                 By     _____

18                                        Beth A. Ross, Esq.
                                          Attorney for Defendant UNITE HERE Local 2

19

20

21

22

23

24

25

26

27

28

DEFENDANT UNITE HERE LOCAL 2 NOT., MOTION & MEMO ISO MOT. SUMM. JGMT.
*RADFORD V. UNITE HERE LOCAL 2, CASE NO. 10-745 EDL*

1

**CERTIFICATE OF SERVICE**

2

    I am employed in the County of San Francisco, State of California.  I am over the age of

3

18 years old and not a party to the within action; my business address is 1188 Franklin Street,

4

Suite 201, San Francisco, CA, 94109.

5

6

    On **April 22, 2011**, I served a true and accurate copy of the foregoing document(s):

7

**DEFENDANT UNITE HERE LOCAL 2'S NOTICE OF MOTION, MOTION &
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT**

8

9

on all interested parties in this action, as follows:

10

11

Wilbert Radford
137 Santa Cruz Avenue

12

Daly City, CA 94014

13

John F. Baum

14

Kristin L. Oliveira
Curiale Hirschfeld Kraemer LLP

15

727 Sansome Street
San Francisco, CA  94111

16

17

[XX]   BY OVERNIGHT DELIVERY:  I have enclosed the document(s) in an envelope or

18

         package provided by an overnight delivery carrier and addressed to the person(s) at the
         address(es) above.  I placed the envelope or package for collection and overnight delivery

19

         at a regularly utilized drop box or with an agent of the overnight delivery carrier.

20

21

    I declare under the penalty of perjury under the laws of the State of California that the

22

above is true and correct.

23

    Executed on **April 22, 2011** at San Francisco, California.

24

25

26

Maria C. Ascarrunz

27

28

LEONARD CARDER, LLP
ATTORNEYS
1188 FRANKLIN STREET, SUITE 201
SAN FRANCISCO, CALIFORNIA 94109
TEL: (415) 771-6400  FAX: (415) 771-7010

1